UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81440-CIV-HURLEY

MY RUSALKA, INC., a Delaware corporation,
    Plaintiff,

vs.

ROBERT T. GRGEK
d/b/a AMERICAN CUSTOM CARE,
    defendant.
_____/

## DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the court upon the plaintiff's motion for entry of default final judgment filed March 13, 2015 [ECF No. 16] following entry of a Clerk's Default against Defendant Robert Grgek on January 30, 2015 [ECF 8]. Based on the Clerk's Default, the Court now adjudicates the defendant liable on the four claims set forth in the plaintiff's complaint: (1) breach of contract; (2) fraud in the inducement; (3) negligent misrepresentation, and (4) violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA).

On May 14, 2015, a bench trial was conducted on the issue of damages. At trial, plaintiff sought recovery of a full refund of all monies paid to defendant under the parties' contract for the preparation and painting of the yacht called "My Rusalka," in addition to the full amount which plaintiff paid to its own employees as well as successor contractors who were engaged to complete the work begun by the defendant.

Having carefully considered the evidence presented at trial, together with argument of counsel and applicable law, the court concludes that the plaintiff's demand for a full refund from defendants in addition to full replacement costs is inconsistent with the appropriate measure of damages for breach of contract under Florida law or actual damages under the FDUTPA. The court shall accordingly enter final default judgment on damages in favor of plaintiff, but in an amount which conforms to the correct measure of damages for breach of contract in situations where, as here, a contractor abandons a project before completion.

## DISCUSSION

As an initial matter, the Court agrees that the plaintiff is entitled to a full refund of sums previously paid to the defendant. This sum may be recovered under the FDUTPA, under which the proper measure of damages is measured by:

> the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties. A notable exception to the rule may exist when the product is rendered valueless as a result of the defect -- then the purchase price is the appropriate measure of actual damages.

*H & J Paving v. Nextel*, 849 So.2d 1099, 1101 (Fla. 3d DCA 2003) (quoting *Rollins Inc. v. Heller,* 454 So.2d 580, 585 (Fla. 3d DCA 1984)). In this case, the uncontested evidence at trial established that defendant's incomplete work was valueless to the plaintiff or to the successor contractors who completed the preparation and painting of the My Rusalka. Therefore, the actual damages suffered by plaintiff as a result of defendant's violation of the FDUTPA consist of the full amount paid to the defendant before he walked off the job, i.e. the sum of $88,798.06.

Next, the plaintiff is entitled to breach of contract damages. The appropriate measure of breach of contract damages where a contractor abandons work is the difference between the contract price and the reasonable cost to complete the project. *Tri-County Plumbing Services, Inc. v. Brown*, 921 So.2d 20, 22 (Fla. 3d DCA 2006), citing *Marshall v. Karl F. Schultz, Inc.*, 438 So.2d 533 (Fla. 2d DCA 1983). In this case, the evidence showed that the original contract price for the paint preparation and painting of the My Rusalka was $110,965.13; that the contract was executed by all parties on July 11, 2014; and that the defendant undertook some preparation of the My Rusalka for painting between July, 2014 and the end of September, 2014, when he abandoned the project and pulled his crew off the vessel after a disagreement surfaced between the parties over the amount and payment schedule for unanticipated vessel repairs which the parties had originally agreed, under the express terms of the contract, to separately negotiate as the project progressed. Further, during the time the defendant was on site, the plaintiff directed certain members of his own crew to assist the plaintiff in the preparation and repairs of the My Rusalka because the defendant was understaffed to perform the project.

The Court further finds, from the uncontested evidence presented at trial, that the plaintiff incurred the following reasonable costs to complete the repair and painting of the My Rusalka as a result of the defendant's abandonment of the project and breach of contract:

(1) $22,243.40 for Rusalka paint preparation paid to "Johnson Filius & Crew,"

(2) $1,468.00 for purchase of an air compressor paid to "Air Compressor Works,"

(3) $28,382.16 for paint and supplies paid to "Merritt Supply,"

(4) $101,858.30 for Rusalka paint work paid to "Phan Yacht Refinishing Painter,"

(5) $36,782.00 for extended scaffold and float tent rental costs necessitated by defendant's project delay paid to "Southern Cross Boat Works."

In addition, between the dates of August 15, 2014 and February 28, 2015, plaintiff incurred the following reasonable labor costs paid to his own crew for the preparation/sanding of the My Rusalka necessitated by the defendant's understaffing of the project and failure to complete the project:

(1) $29,166.62 paid to Luis Quinonez Mendoza;

(2) $15,415.44 paid to Joel Mendoza;

(3) $11,627.25 paid to William Eldridge.

This brings the total reasonable cost for completion of the project to $246,943.17.  Minus the original contract price of $ 110,965.13, the plaintiff is entitled to recover $135,978.04 as the correct measure of damages on its breach of contract claim.  *Compare Tri-County Plumbing Services v Brown, supra* (plaintiff suffered no damage for breach of contract after recovering refund of amounts paid to contractor who abandoned project where the work was completed by another contractor at a reasonable price and under the amount quoted by the defaulting contractor).

Finally, the plaintiff seeks attorney's fees pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUPTA).  Under the FDUPTA, courts have discretion to grant attorney's fees and costs to a prevailing party.  Fla. Stat. § 501.2105(1); *The Humane Society of Broward County, Inc. v. The Florida Humane Society,* 951 So.2d 966, 968 (Fla. 4th DCA 2007).  Seven factors which are relevant to the court's exercise of discretion in this regard are:  (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of

fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions, including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable groundless; (6) whether the defense raised a defense made to frustrate or stall, and (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. *Id*. at 971-972, citing *Rosen v Rosen*, 696 So.2d 697 (Fla. 1997).

Considering these factors here, in light of the brief history of the litigation and evidence presented at the trial on damages, the Court finds that the factors militate against a discretionary award of attorneys' fees to the plaintiff. The individual defendant did not litigate the case, but instead simply defaulted. At trial, the plaintiff's principal testified that the defendant did not properly perform under the contract because he underbid the project, and had insufficient financial resources to complete it, and was unlikely to have the ability to pay any judgment entered in the case. The defendant did not raise any defenses to the plaintiff's FDUPTA claim, which did not involve any significant legal questions under FDUTPA law. Under the entirety of circumstances, the Court finds the relevant factors weight against the exercise of the court's discretion to award attorneys' fees in favor of plaintiff as the prevailing party and accordingly disallows the plaintiff's request for fees under the FDUPTA in the amount of $ 12,657.00. However, the Court shall allow costs in the amount of $683.60 (consisting of filing fees in the amount of $400 and process service fees of $283.60) under Fed. R. Civ. P. 54(d), which provides that "'[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs …"

## DECRETAL PROVISIONS

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. The plaintiff's' motion for entry of default final judgment [ECF No. 16] is **GRANTED.**

2. **FINAL DEFAULT JUDGMENT** is hereby entered in favor of plaintiff, **MY RUSALKA, INC.,** a Delaware corporation, and against the defendant, **ROBERT T. GRGEK d/b/a AMERICAN CUSTOM CARE,** upon the complaint in this action.

3. The Plaintiff, **MY RUSALKA, INC.,** shall recover of the defendant, **ROBERT T. GRGEK d/b/a AMERICAN CUSTOM CARE,** the following sums:

    a. $88,798.06 in actual damages under the FDUTPA;

    b. $135,978.04 in compensatory damages for breach of contract;

    c. $ 683.60 in costs.

Accordingly, plaintiff **MY RSULAKA INC.** shall recover from the defendant **ROBERT T. GRGEK d/b/a AMERICAN CUSTOM CARE** the **TOTAL SUM of $ 225,459.70,** for which let execution issue.

4. This judgment shall bear post-judgment interest at the statutory rate prescribed by 28 U.S.C. §1961.

5. The court retains jurisdiction to enforce this judgment.

6. The Clerk of Court is directed to terminate any pending motions as **MOOT** and to **CLOSE** this file.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 29th day of May, 2015.

Daniel T. K. Hurley
United States District Judge

cc. All counsel
Robert Grgek, *pro se*